PER CURIAM:

Jeffery Jerome Toler appeals the district court's denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and numerous guideline amendments, including Amendment 706. On appeal, Toler argues the district court erred by denying his motion for a sentencing reduction.[1] After review, we affirm.[2]

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "[D]eterminations made during the original sentencing [cannot] be reconsidered or altered" during a § 3582(c)(2) proceeding. *United States v. Smith,* 568 F.3d 923, 927 (11th Cir.2009). A defendant is not eligible for a sentence reduction if his guideline range is not changed by the applicable retroactive guideline amendment. *United States v. Williams,* 549 F.3d 1337, 1339 (11th Cir. 2008). When the otherwise applicable guideline range is lower than the applicable mandatory minimum, "the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Therefore, a defendant sentenced to a mandatory minimum is ineligible for a sentence reduction under § 3582(c). *Williams,* 549 F.3d at 1339–40.

After Toler's conviction for conspiracy to possess cocaine and crack with intent to distribute, the district court imposed a mandatory life sentence. Toler can not challenge the applicability of the mandatory minimum life sentence in a § 3582(c) proceeding. *Smith,* 568 F.3d at 927. Because Toler was sentenced to a mandatory minimum, his guideline range can not be changed by Amendment 706 or any other guideline amendment and he is ineligible for a sentence reduction. *Williams,* 549 F.3d at 1339–40. Accordingly, the district court did not err in concluding it lacked jurisdiction to reduce Toler's sentence due to his mandatory minimum life sentence.

**AFFIRMED.**

**Lilith ALLEN, Plaintiff–Appellant,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., Defendant–Appellee.**

No. 08–16222

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 23, 2009.

James H. Wyman, Elizabeth Koebel Russo, Russo Appellate Firm, P.A., South Miami, FL, for Plaintiff–Appellant.

---

1. Toler also claims: (1) pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the court could reduce his sentence below the guidelines range because the guidelines are no longer mandatory, and (2) under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the district court was permitted to consider the crack/powder cocaine sentencing disparity. These contentions are foreclosed by our decision in *United States*

*v. Melvin,* 556 F.3d 1190, 1190 (11th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 2382, 173 L.Ed.2d 1300 (2009), which held *"Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings."

2. We review the district court's legal interpretation in § 3582(c) proceedings *de novo. United States v. Williams,* 549 F.3d 1337, 1338–39 (11th Cir.2008).

Richard Dennis Rusak, Brias & Associates, P.A., Miami, FL, for Defendant–Appellee.

Before EDMONDSON and PRYOR, Circuit Judges, and CAMP,* District Judge.

PER CURIAM:

After a thorough review of the briefs and the record, and after hearing oral argument, we **AFFIRM** based on the well-reasoned opinion of the district court.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dewey HYLOR, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Antonio Wilson, Defendant–Appellant.**

**Nos. 08–17099, 08–17112**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 2009.

John F. O'Donnell, Wilton Manors, FL, for Defendant–Appellant.

_____

* Honorable Jack T. Camp, United States District Judge for the Northern District of Georgia, sitting by designation.